IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **SANDRA M. RAGUSA** | * |
| *Plaintiff*, | * |
| v. | * Case No. RWT 15cv1165 |
| **EASTMAN STRINGS, INC.** | * |
| *Defendant*. | * |

## MEMORANDUM ORDER

On April 23, 2015, Plaintiff filed an employment discrimination suit against her former employer, Eastman Strings, Inc. ECF No. 1. Plaintiff initially filed pro se and moved for leave to proceed *in forma pauperis*. ECF No. 2. The Court denied the motion on May 21, 2015, but granted Plaintiff twenty-eight days to pay the filing fee and stayed the proceedings until the fee was paid. ECF No. 3. Plaintiff paid the filing fee on June 16, 2015, and on June 22, 2015, the Court ordered her to effectuate service of process on the Defendant. ECF No. 4. Plaintiff initially served Rhett Tolliver, an employee of Eastman Strings, but upon learning that Mr. Tolliver was not authorized to accept service, Plaintiff served Sheila Boutte, Eastman's controller, on October 2, 2015. ECF Nos. 6 & 9. Pending is Defendant's Motions to Dismiss in which Defendant alleges Plaintiff has not effected proper service. ECF Nos. 7 and 15. First, Defendant alleges Plaintiff served the wrong person by leaving the summons with Mr. Tolliver, who was not authorized to accept service. ECF No. 7, at ¶ 2. Second, Defendant alleges that Plaintiff's service was untimely because it occurred more than 120 days after Plaintiff filed her complaint. *Id.* at ¶ 4. For the following reasons, Defendant's motions are denied.

### I. Plaintiff has Properly Served Defendant

As a preliminary matter, Plaintiff has successfully cured her initially defective service by serving Defendant's controller. ECF No. 9. Under Federal Rule of Civil Procedure 4(h)(1)(B), service on a business association may be effected by either complying with Maryland's rules governing service of process, or by serving an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Maryland Rule 2-121(a) allows for service in a foreign jurisdiction as "prescribed by [a] foreign jurisdiction if reasonably calculated to give actual notice." The California Code of Civil Procedure Section 416.10(b) permits a summons to be served on a corporation's "controller or chief financial officer." Thus, serving the summons on Ms. Boutte, the undisputed controller of Eastman Strings, was proper.

### II. Plaintiff's Proper Service was Timely

Plaintiff's service was also timely. Federal Rule of Civil Procedure 4(m) requires that the Plaintiff serve the summons on the Defendant 120 days after the complaint is filed.[1] If the Plaintiff fails to serve the Defendant within that time period, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Alternatively, the Court may grant additional time if the Plaintiff shows good cause. *Id.* Plaintiff is correct to point out that this time period was tolled while the Court considered her motion to proceed *in forma pauperis*. *See* ECF No. 3 (granting Plaintiff twenty-eight days to pay the filing fee and staying the case until the fee is paid); *see also Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) ("Robinson argues that the 120-day service period should have been tolled until the district court screened his *in forma pauperis*

---

[1] Under the revised Rules, effective December 1, 2015, this time period is reduced to ninety days.

complaint and authorized service of process. We agree."). Setting aside that the Court stayed the case until the filing fee was paid, Plaintiff could not possibly have served the Defendant until this Court authorized service on June 22, 2015. *See Craig v. Melwood Horticultural Training Ctr., Inc.*, No. PWG-13-2742, 2014 WL 3547341, at *2 (D. Md. July 16, 2014) ("Because he did not yet have a valid summons, no amount of diligence would have allowed Craig to attempt service on Melwood prior to October 1."). Plaintiff then served the summons on Ms. Boutte on October 2, 2015, well within the 120-day period from the time the summons was issued. Requiring that Plaintiff serve the Defendant within 120 days of filing the complaint would effectively penalize Plaintiff for filing a motion to proceed *in forma pauperis* by giving her less than 120 days to effectuate service. That is not the law.

Accordingly, it is, this 30th day of October, 2015, by the United States District Court for the District of Maryland

**ORDERED**, that Defendant's Motions to Dismiss [ECF Nos. 7 and 15] are hereby **DENIED**.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE